```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
JOHN C. FERGUSON, IV,                               :     CASE NO. 1:15-CV-2714
                                                    :
            Plaintiff,                              :
                                                    :
       vs.                                          :     OPINION & ORDER
                                                    :     [Resolving Docs. 3, 19]
COMMISSIONER                                        :
OF SOCIAL SECURITY,                                 :
                                                    :
            Defendant.                              :
                                                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

## I. Introduction

On December 20, 2015, Plaintiff John C. Ferguson, IV, brought a claim for wrongful denial of disability insurance benefits.[1] On January 25, 2017, Magistrate Judge James R. Knepp, II, recommended dismissing the case.[2] For the reasons stated below, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Recommendation.

## II. Background

On March 19, 2012, Plaintiff Ferguson applied for disability insurance benefits ("DIB").[3] Plaintiff's claimed onset date was February 1, 2010.[4] He was 37 years old at the time.

---

[1] Doc. 3. The Commissioner of Social Security answered. Doc. 12.
[2] Doc. 19. Plaintiff objects. Doc. 20.
[3] Doc. 13 at 151.
[4] *Id*. at 21.

Case No. 1:15-CV-2714
Gwin, J.

Plaintiff requested benefits based on several conditions, including (1) complications from HIV; (2) complications from a 1994 bullet wound in his back; and (3) various mental health issues.[5] Plaintiff's claim was denied.[6]

Plaintiff then requested a hearing before an administrative law judge ("ALJ").[7] After a June 2, 2014 hearing, the ALJ found that Plaintiff was not disabled.[8] The ALJ reasoned that neither Plaintiff's physical impairments nor his mental deficiencies rose to the level of disability under federal law.

The ALJ reached his decision despite clinical psychiatrist Richard C. Halas' opinion—provided at the state's request—that Plaintiff suffers from dysthymia, generalized anxiety disorder, and borderline personality disorder, and has a global assessment functioning score of 45, which indicates "serious symptoms."[9] The ALJ was unpersuaded by Dr. Halas' opinion because Plaintiff had not previously received mental health treatment, and Plaintiff himself ascribed his functional deficiencies to his physical rather than emotional problems.[10]

The ALJ concluded that although Plaintiff had certain limitations, viable employment was available between February 1, 2010, the onset date, and March 31, 2013, Plaintiff's last date insured according to the ALJ.[11]

The ALJ mistakenly identified Plaintiff's date last insured as March 31, 2013. In fact, Plaintiff's date last insured was September 30, 2013.[12]

---

[5] *Id*. at 15-16. Specifically, Plaintiff testified at the ALJ hearing that he has severe gastrointestinal issues due to his HIV medication; lower back and shoulder pain from a bullet wound; and generalized anxiety disorder, depression, and other mental health issues. *Id*. at 15-17. In regard to his mental health, Plaintiff also testified that he does not believe he has mental health problems, but that his physical health leads to mental stress. *Id*. at 47.
[6] *Id*. at 82 (initial denial), 97 (denial upon reconsideration).
[7] *Id*. at 107-108.
[8] *Id*. at 13-23.
[9] *Id*. at 17.
[10] *Id*. at 17, 20 (ALJ noting that Dr. Halas' opinion was "afforded partial weight").
[11] *Id*. at 22.
[12] *Id*. at 23.

Case No. 1:15-CV-2714
Gwin, J.

The Appeals Council denied Plaintiff's request for review.[13]

On December 20, 2015, Plaintiff brought a claim for wrongful disability benefits denial in this Court.[14] Plaintiff cites three alleged errors in the ALJ's decision: (1) the ALJ failed to correctly identify Plaintiff's back pain as a severe impairment; (2) the ALJ misidentified the date last insured; and (3) the ALJ erred in his consideration of the opinion of the consultative examiner, Dr. Halas.[15]

On January 25, 2017, Magistrate Judge James R. Knepp, II, recommended dismissing the case.[16] In the report and recommendation ("R&R"), Magistrate Judge Knepp found that (1) the ALJ adequately supported his conclusion that Plaintiff's back pain was not severe; (2) the residual functional capacity ("RFC") finding was supported by substantial evidence; (3) the ALJ's misidentification of Plaintiff's date last insured was harmless error; and (4) the weight afforded to Dr. Halas' opinion was not legal error and the ALJ's conclusion as to Plaintiff's mental health was otherwise supported by substantial evidence.[17]

On February 8, 2017, Plaintiff Ferguson filed objections to the R&R.[18] Ferguson argues (1) the ALJ's finding of no severe physical impairment lacked substantial evidence; and (2) the ALJ improperly evaluated Dr. Halas' opinion.[19]

---

[13] *Id*. at 1-4.
[14] Doc. 3.
[15] Doc. 14. The Commissioner opposed. Doc. 17. In the R&R, the Magistrate Judge identifies four distinct arguments from Plaintiff, including allegations that the ALJ did not properly consider Plaintiff's back pain in formulating the RFC assessment. Doc. 19 at 15. The Court finds this argument to be somewhat synonymous with Plaintiff's first argument concerning the ALJ's assessment of Plaintiff's back pain. Plaintiff himself identifies only three distinct arguments in his merits brief. Doc. 14 at 6, 10, 12. Thus, the Court addresses this argument as part and parcel of Plaintiff's first argument against the ALJ decision.
[16] Doc. 19.
[17] *Id*. at 15-31.
[18] Doc. 20.
[19] *Id*. at 2-5.

-3-

Case No. 1:15-CV-2714
Gwin, J.

### III. Legal Standard

In reviewing an ALJ's disability determination under the Social Security Act, a district court reviews whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[20] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21]

A district court is limited in what it can review. Specifically, a district court should not try to resolve "conflicts in evidence or decide questions of credibility."[22] A district court also may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[23]

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[24] This Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.[25]

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[26] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[27]

---

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[21] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[22] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[23] *See Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that the ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[24] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[25] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).
[26] *See* 42 U.S.C. § 423(d); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001).
[27] During Step One, the ALJ determines whether the claimant is engaged in a "substantial gainful activity" at the time he or she seeks disability benefits. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). In Step Two, the Plaintiff must show that he or she "suffers from a severe impairment in order to warrant a finding

Case No. 1:15-CV-2714
Gwin, J.

### IV. Discussion

This Court reviews Ferguson's objections *de novo*.[28] Although Plaintiff makes only two distinct objections, Plaintiff's first objection appears to disagree with the R&R's first three findings. Plaintiff's second objection applies to the Magistrate Judge's fourth finding.

**A. Severe Impairment**

Plaintiff argues that the ALJ failed to correctly identify Plaintiff's back pain as a severe impairment.[29] Plaintiff further argues that the ALJ's misidentification of Plaintiff's last date insured led to the inaccurate conclusion that Plaintiff's gastrointestinal issues were not a severe impairment.[30] The Court addresses each argument in turn.

*Back Injury*

A severe impairment is one which "which significantly limits [the applicant's] physical or mental ability to do basic work activities."[31] In the Sixth Circuit, "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience."[32]

---

of disability." *Id.* (internal quotations omitted). During Step Three of the analysis, the ALJ determines whether the claimant has an impairment that satisfies one of the criteria of an impairment listed in Appendix 1 and that also meets the durational requirement. *See* 20 C.F.R. § Part 404, Subpart P, Appendix 1. A claimant is deemed disabled if she or he has an impairment that meets both the listing and the duration requirement. For Step Four, the ALJ must determine if the claimant's residual functional capacity allows him to do past relevant work. *Colvin*, 475 F.3d at 740. Finally, in Step Five, the ALJ must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. *Id.* "For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled." *Id.*
[28] 28 U.S.C. § 636(b)(1) (requiring *de novo* review of claimant's objections to a report and recommendation).
[29] Doc. 14.
[30] *Id.* at 10.
[31] 20 C.F.R. § 404.1520(c).
[32] *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985).

-5-

Case No. 1:15-CV-2714
Gwin, J.

In *Maziarz v. Sec'y of Health and Human Servs.*, the Sixth Circuit held that even if the ALJ errs by failing to identify a particular impairment as severe, the error is harmless as long as the ALJ found at least one other severe impairment, continued the sequential analysis, and addressed the "non-severe" impairments in determining the claimant's RFC.[33]

Here, the ALJ determined that Plaintiff had the following severe impairments: dysthymia, generalized anxiety disorder, and a borderline personality disorder.[34] Although the ALJ determined that Plaintiff's back pain was not a severe impairment,[35] the ALJ continued his analysis,[36] and considered Plaintiff's back pain in his RFC assessment.[37] Therefore, even if the ALJ should have deemed Plaintiff's back pain a severe impairment, such an error is not reversible under *Maziarz*.

The Court acknowledges that there is competing evidence as to whether Plaintiff's back pain was a severe impairment.[38] However, in reviewing an ALJ's decision, this Court does not supplant the ALJ's judgment for its own. Rather, as long as substantial evidence supports the ALJ's decision, reversal should not be given.[39]

The ALJ reasonably concluded that Plaintiff's back pain was not a severe impairment. The ALJ primarily relied on inconsistencies between Plaintiff's word and deed regarding his back pain. Specifically, while Plaintiff testified as to extreme pain in his back, he skipped

---

[33] 837 F.2d 240, 244 (6th Cir. 1987); *see also Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006).
[34] Doc. 14 at 15.
[35] *Id*. at 16.
[36] *Id.* at 17-22.
[37] *Id*. at 19-20. Specifically, the ALJ stated that although Plaintiff reported limitations in daily functions like getting dressed, medical treatment history did "not support[]" those claims. *Id*. The ALJ also noted that Plaintiff had "very little treatment for his reported back . . . pain . . . [and] failed to attend his physical therapy sessions, which indicates that his physical condition is likely not as limiting as he alleged." *Id*. at 20.
[38] *See, e.g.*, Doc. 14 at 94 (Plaintiff's testimony regarding sharp pain in his back); 144 (evaluation by Dr. Elizabeth Das, M.D., concluding that Plaintiff's back pain was severe).
[39] *See Siterlet*, 823 F.2d at 920.

Case No. 1:15-CV-2714
Gwin, J.

physical therapy appointments meant to treat his back problems.[40] From this evidence, the ALJ permissibly determined that Plaintiff's back pain was not severe.[41]

Because the ALJ's conclusion was supported by substantial evidence, the Court adopts the R&R and overrules Plaintiff's objection on this point.

*Gastrointestinal Issues*

Plaintiff next argues that the ALJ's mistake regarding Plaintiff's date last insured led the ALJ to incorrectly conclude that Plaintiff's gastrointestinal issues were not a severe impairment.[42] Specifically, Plaintiff argues that because of the last insured mistake, the ALJ failed to consider six months of Plaintiff's medical records, that the claimant argues tended to prove the severity of his gastrointestinal issues.[43]

The Commissioner admits that the ALJ identified the wrong date, but argues the error was harmless.[44] This Court agrees.

Generally, an ALJ does not consider evidence of a claimant's disability after the date last insured in determining whether to award benefits.[45] Therefore, the ALJ may have ignored potentially relevant post-March 31, 2013 evidence.

Using an incorrect date last insured can be harmless error, however, if failure to consider excluded evidence did not prejudice Plaintiff.[46]

---

[40] Doc. 14 at 16, 19-20.
[41] *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) (citing *Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir. 1986)) ("[W][hen a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain.").
[42] Doc. 14 at 10.
[43] *Id*. at 11. The ALJ mistakenly identified Plaintiff's date last insured as March 31, 2013, when in reality it was September 31, 2013.
[44] Doc. 17 at 15.
[45] *Bagby v. Harris*, 650 F.2d 836, 839 (6th Cir. 1981); *see also Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value.").
[46] *See, e.g., Odette v. Comm'r of Soc. Sec.*, No. 09-CV-11484, 2010 WL 2104300, at *10 (E.D. Mich. May 3, 2010), *report and recommendation adopted*, No. 09-11484-BC, 2010 WL 2104234 (E.D. Mich. May 24, 2010) ("Even if it

-7-

Case No. 1:15-CV-2714
Gwin, J.

Here, the ALJ considered evidence of Plaintiff's gastrointestinal problems between March 31 and September 31, 2013. It appears that the only significant medical evidence regarding Plaintiff's gastrointestinal issues between the incorrect date last insured and the correct date is a July 2013 endoscopy.[47]

The ALJ considered this evidence in his opinion. Citing the July 2013 medical records, he wrote that "[a]n upper endoscopy showed mild chronic gastritis . . . [but] there is no objective evidence to suggest that the claimant's gastritis causes him pain that would prevent him from working or that it would cause any functional limitations in the workplace."[48]

Therefore, because the ALJ considered the only relevant evidence between the incorrect and correct insured date, no prejudice to Plaintiff occurred. Accordingly, this Court agrees with the R&R[49] and finds the misidentification of Plaintiff's last date insured to be harmless error.

### B. Evaluation of Dr. Halas' Assessment

Plaintiff last argues that the ALJ wrongfully discredited clinical psychiatrist Richard C. Halas' opinion regarding Plaintiff's mental health and work capability.[50]

State expert Dr. Halas concluded that Plaintiff suffers from dysthymia, generalized anxiety disorder, borderline personality disorder, and a global assessment functioning score of 45, which indicates "serious symptoms."[51] The ALJ was unpersuaded by Dr. Halas' opinion

---

were in error, the conclusion that Plaintiff's date last insured is December 31, 2008 is harmless error where the onset date was prior to the date last insured. The ALJ's denial of disability benefits did not turn on Plaintiff's date last insured.").
[47] Doc. 13 at 291, 305. Plaintiff also cites other evidence that the ALJ failed to consider, Doc. 14 at 11-12, but it post-dates the correct last date insured and is therefore inapplicable to the Court's analysis, *id*. at 11 (citing Doc. 13 at 333, 352-353, 360) (October 2013 medical records).
[48] Doc. 13 at 16 (citing *id*. at 287-98, 305).
[49] Doc. 19 at 24.
[50] Doc. 14 at 12.
[51] Doc. 13 at 17.

-8-

Case No. 1:15-CV-2714
Gwin, J.

because Plaintiff had not previously sought mental health treatment, and Plaintiff himself ascribed his struggles to physical rather than emotional illness.[52]

In *White v. Comm'r of Soc. Sec.*, the Sixth Circuit found that "ALJ's must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state. For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself."[53]

However, courts generally do not reverse an ALJ's decision when there is no evidence connecting Plaintiff's failure to seek treatment to the mental health disorder itself.[54] Here, Plaintiff suggests no evidence that his failure to seek treatment is attributable to his mental health disorders. Thus, the ALJ's conclusion that Plaintiff's failure to seek treatment discredited his claimed mental illness is harmless.

Plaintiff also argues that the ALJ failed to address inconsistencies between Dr. Halas' opinion and state agency reviewers' opinions. State officials that reviewed Dr. Halas' opinion gave it "great weight,"[55] yet arguably found Plaintiff to be more work capable than Dr. Halas had found. Plaintiff argues that the ALJ adopted the reviewers' opinions without justifying the discrepancy between their opinion and Dr. Halas' opinion.[56]

The discrepancy between Dr. Halas' and the reviewers' opinion is less pronounced than Plaintiff suggests. While Dr. Halas used more severe language in outlining Plaintiff's

---

[52] *Id.* at 17, 20 (ALJ noting that Dr. Halas' opinion was "afforded partial weight").
[53] 572 F.3d 272, 283 (6th Cir. 2009) (citing *Pate-Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009)).
[54] *See, e.g.*, *Bass v. Colvin*, No. 3:14CV109, 2015 WL 1299266, at *22 (N.D. Ohio Mar. 23, 2015) ("[A]n ALJ should consider whether a claimant's failure to obtain treatment is another symptom of his impairment, but the record must contain evidence supporting such a finding.").
[55] *See, e.g.*, Doc. 13 at 93.
[56] Doc. 20 at 3-4 (citing Doc. 13 at 93).

-9-

Case No. 1:15-CV-2714
Gwin, J.

limitations,[57] the reviewers determined that Plaintiff had "concentration and persistence limitations . . . social interaction limitations," and "markedly limited" ability to "interact appropriately with the general public."[58]

When comparing the two opinions, the ALJ's failure to specifically account for differences between Dr. Halas' and the reviewers' opinion is not significant. Furthermore, although the ALJ gave only "partial weight" to Dr. Halas' opinion, portions of that opinion found their way into the ALJ's mental RFC.[59] The Court finds that Plaintiff was not prejudiced by any discounting of Dr. Halas' opinion.

### V. Conclusion

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Recommendation, and **AFFIRMS** the ALJ's denial of benefits.

IT IS SO ORDERED.

Dated: February 13, 2017         *s/         James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[57] Doc. 13 at 239-40 (Dr. Halas finding Plaintiff has (1) problems "understanding, remembering, and carrying out instruction," (2) "significant difficulties" in "responding appropriately to supervision and to coworkers," and (3) "severe problems" with "responding appropriately to work pressures").
[58] *Id.* at 79-80.
[59] *Compare* Doc. 13 at 239-240 (Dr. Halas finding Plaintiff has "significant difficulties" in "responding appropriately to supervision and to coworkers," and "severe problems" with "responding appropriately to work pressures") *with id.* at 19 (ALJ finding Plaintiff to be "limited to simple, routine, low-stress work, which means that . . . he is precluded from work done in public and from work that involves interaction with the public . . . more than superficial interaction with supervisors and co-workers . . .[and] from tasks that involve arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others.").

-10-